Our next case on the call of the docket is agenda number eight, excuse me, case number 113449, People v. Lewis C. Fitzpatrick. Counsel for the appellant, please proceed. Good morning, your honors, counsel. My name is Barbara Passion, and I represent Lewis Fitzpatrick this morning. I would initially like to note that I'd like to stand on my briefs with regard to the second issue of this briefing. With your honors' permission, I'll just focus on the first issue, which is whether Illinois law provides greater search and seizure protection pursuant to Article I, Section 6 of the Illinois Constitution than they would have under the Fourth Amendment to the United States Constitution. Before you get to that, Ms. Passion, there is a forfeiture problem with respect to the second issue, right? I disagree. It was pending before this court, and the exact issue was already, I think it had been argued, but it hadn't been decided. So at the time I wrote my PLA, I thought that issue was covered. And as it turned out, there was a factual difference that made this court rule in a way that I didn't expect. In Gutierrez, the judge didn't have anything to do with the order for public defender fees. So your honors said, well, that's just void, we don't need a remand, we're just going to vacate the order. In my circumstance, the judge did order the fee, he just didn't hold a proper hearing. So the appellate court said, well, we need a remand in that situation. So at that point, I had already filed a PLA, and I was left with the second question of the Gutierrez brief was whether there should be a remand. So that's why I did it that way. I didn't have Gutierrez to tell me that it was okay or not okay to do a remand. Right, but there was nothing to prohibit, I want to get into your main argument, but there wasn't anything to prohibit raising that in your PLA. Gutierrez or not? Well, to prohibit it, no, sir, there was not. All right, you can continue. Okay, the Fourth Amendment neither requires nor prevents individual states from providing greater search and seizure protections to Illinois citizens in their state constitutions. In fact, the Illinois legislature has already taken the first step in that regard by enacting section 107-12, which permits a police officer to exercise the right to use a firearm. It does not require discretion in deciding whether to arrest someone for a minor offense. In enacting a statute like that, the legislature can't possibly have intended to permit police officers to arrest citizens arbitrarily. Any exercise of discretion, by definition, involves a consideration of the reasonableness of the individual circumstances present at the time. Mr. Fitzpatrick was stopped for walking down the street instead of on the sidewalk. Police officer Curley stopped him and patted him down for officer safety, although he also testified that he did not fear for his safety. After the pat-down revealed nothing illegal, officer Curley put him in handcuffs, took him to the station, called for backup, took him to the station, and performed a second more thorough arrest. And only at that point did he find a very small amount of cocaine in Fitzpatrick's sock. Your Honors, the police officer's decision in this case wasn't reasonable. Probably the most telling aspect of the unreasonableness of this arrest is the fact that Fitzpatrick's companion, who was also walking in the street and not on the sidewalk, was not arrested. What about Atwater? Well, Atwater is done. The United States Supreme Court has interpreted the Fourth Amendment, and I think, well, I think that opinion is flawed, because the Atwater opinion does not address reasonableness. And search and seizure cases always talk about reasonableness. A warrant, to get a warrant you have to have a warrant. You have to have reasonable suspicion. To do a Terry stop, you have to have a reasonable suspicion. Reasonableness is always a question that comes up in search and seizure cases, and Atwater doesn't address it. But that said, the Supreme Court has said what it has said, so the Fourth Amendment's not at play here. That doesn't mean that this Court can't interpret the Illinois Constitution to provide better and more protection under the Fourth Amendment. We clearly held in Cabayas that the framers of our state constitution intended the search and seizure clause of our state constitution to provide the same protection as its federal counterpart. So my question is, how can we agree with your position to look at the state constitution without overruling Cabayas, a recent opinion of the Supreme Court? Because Cabayas also talked about lockstep plus. And if you can, I'm not asking you to ignore Atwater altogether. I'm just saying in circumstances where, again, I think Atwater was decided incorrectly, but in circumstances where someone makes an arrest for a petty offense, Illinois has the right to say that at least the officer has to exercise reasonable discretion. Our legislature has already done that. But my question remains the same. I mean, Cabayas said that we follow our federal counterpart, and on limited lockstep, Cabayas actually did a limited lockstep analysis for the search and seizure clause and determined that there was no justification for breaking from lockstep. So my question remains the same. How can we agree with your position without overruling Cabayas, which is not only a decision of this Court, but a recent decision of this Court? Wouldn't we violate stare decisis principles up and down the line? No, Your Honor, you wouldn't. Under the circumstances of that case, Cabayas, this Court found that limited lockstep didn't work. But in this Fitzpatrick case, limited lockstep would be fine. Again, I can only repeat, there's an Illinois statute there already that gives officers an alternative to arrest in petty offenses. If this exercise of discretion hasn't already been provided, then what is the point of even having such a statute? Custodial arrest for petty offenses without anything else. This case has nothing else except a man who walked down the street instead of on the sidewalk. Is any arrest for a petty offense unconstitutional? The arrest itself? Mm-hmm. Well, I think that's why we're here. Well, is that what you're arguing? Any arrest? Oh, no, no, not any arrest. An arrest with purely the arrest without anything to give the officer a reasonable suspicion that something else is going on. For example, had he stopped Fitzpatrick and smelled marijuana on him, all right, then arrest him. And search him pursuant to an arrest. But I'm asking this court to require, when an arrest in a petty offense situation is made, to require an assessment of the reasonableness of the police officer's conduct. I don't think there should be an automatic yes or no in a petty offense situation. I'm not saying it should never happen, and I'm not saying it should always happen. I'm just asking this court to exercise reasonableness in certain situations like this and to assess the reasonableness of the police officer's behavior. Did the officer here have an option to write a citation? And is that what you're arguing? Is it somehow we should look at this and say there has to be a judgment as to the reasonableness of the choice between the two? Yes, that's exactly what I'm saying. Once he patted Fitzpatrick down and found nothing and he knew that the offense before him was walking on the street instead of the sidewalk, there was no reason not to issue him a ticket. In the Taylor case, which is a second district case, the man was stopped for riding his bike on the sidewalk. Well, in that case, the officer stopped him and asked him for identification and asked him if he would be able to post a bond. The man said no, and only then did he take him in. In situations where these sort of arrests have been upheld, there has always been something more than just the petty offense itself to justify the actual arrest. And that means an assessment of reasonableness, and that's what I'm asking from this court here to endorse a policy that requires that arrests in Illinois be constitutionally reasonable. Therefore, I'm asking that the order denying Mr. Fitzpatrick's motion to suppress be vacated, and that his conviction for possession of a controlled substance be overruled. Thank you. Counsel for the appellee. Good morning, Your Honors. May it please the Court, my name is Drew Meyer of the Illinois Attorney General's Office, and I represent the appellee people of the State of Illinois. There is only one issue raised in the PLA this Court allowed in this case, and that is whether Article I, Section 6 of the Illinois Code of Procedure, and the Constitution of 1970, should be interpreted in accord with Atwater v. Lago Vista, in which the United States Supreme Court held that the Fourth Amendment permits warrantless arrests for fine-only offenses committed in the presence of the arresting officer. This Court held in People v. Cabayas that it is the Illinois Court's solemn obligation to give effect to the intent of the decision. It is the intent of the decision of drafters, delegates, and voters who wrote and ratified the Illinois Constitution, and it devised the limited lockstep analysis in Cabayas to divine that intent. Pursuant to the limited lockstep analysis, this is a very simple case. There is no longstanding Illinois case precedent, which is the standard for breaking from lockstep articulated in Cabayas, that contravenes Atwater. In fact, the very opposite. Longstanding Illinois authority is in complete harmony with the holding in Atwater. In Appellant's opening brief, he urged this Court to adopt a fine-only offense versus a jailable offense delineation. In light of People v. McDonald, a case that we cited in our brief that this Court entered two years after People v. Watkins, the case upon which Appellant primarily relied, which upheld a conviction pursuant to an arrest for a fine-only offense, Appellant has now retreated from that delineation and now just urges the Court to require reasonableness. But the entire point of Atwater is that if an offense is committed in the presence of an officer, it is inherently reasonable for the officer to make that arrest. And that would be even for someone driving one mile over the speed limit, for example. Yes, Your Honor. Illinois law and constitutional law affords officers in the field that discretion. That's correct, Your Honor. And is it as simple as the discussion with Ms. Passion that Atwater has spoken and Cabayas has already handled limited lockstep as it applies to the Fourth Amendment? Is that your position? Your Honor, our position is that Atwater has spoken, that Cabayas sets out a very clear standard for breaking from lockstep with United States Supreme Court Fourth Amendment jurisprudence. And that standard is there must be longstanding state case precedent, in the words of Cabayas, that the United States Supreme Court jurisprudence contravenes in order for this Court to break from lockstep. And again, it all goes back to the intent of the people who wrote and ratified the Illinois Constitution. It was their intent, as this Court recognized in Cabayas, that the protections offered by Article I, Section 6, the search and seizure language would be coterminous with the protections offered by the cognate language in the Fourth Amendment. So there has to be some sort of longstanding precedent that preceded the ratification of the 1970 Constitution that contravenes later interpretation of the Fourth Amendment in order for the intent of those who wrote and ratified the Constitution to have been something other than lockstep. As this Court held in Cabayas, the drafters of the Illinois Constitution of 1970 understood that the previous iteration of the search and seizure language in the previous Illinois Constitution was interpreted in lockstep with the Fourth Amendment. So it was indeed their intent that that lockstep interpretation continue. So, sorry, in rather long-winded answer to your question, Your Honor, yes. This case is controlled by Atwater, viewed through the lens of Cabayas. As I mentioned, far from being in conflict with Atwater, longstanding Illinois precedent is consonant with Atwater. In addition to the McDonald case that I already discussed, which demonstrates that, and according to Appellant's concession and retreat from her original, I beg your pardon, from his original delineation, the fine only offense and jailable offense distinction or delineation has no basis in Illinois law. One look, need look no farther than Section 107-2, the Code of Criminal Procedure of 1963 and its predecessors dating back to 1927 at latest, which provides the police may make an arrest, a police officer may make an arrest if he has reasonable grounds to believe that a person has committed or is committing an offense, any offense. And the people, this Court in People v. Hammond from 2011 recognized that Section 107-2 affords officers discretion to handle violations in the field. Again, just to show that the consonance of Illinois law with Atwater runs deep in Illinois authority, this Court commenting on a predecessor to Section 107-2 in People v. Edge in 1950 noted that, and I quote, the word offense in that statute encompasses all felonies however great and all misdemeanors however slight. Perhaps particularly relevant in the context of this case, Section 16-102A of the Illinois Vehicle Code provides that state police shall make arrests for violations of the provisions of this Code, of which Section 11-1007 is one. That, of course, is the section that bans pedestrians walking in a roadway. Also echoing Caballas again, this Court leaves expansion of basic constitutional rights to either the General Assembly or to constitutional amendment. As this Court noted in Caballas, such expansion of rights is not the function of this Court or of any court. Atwater, importantly, explicitly recognized the power of state legislatures to, quote, impose more restrictive safeguards through statutes limiting warrantless arrests for minor offenses. And in fact, the statute that Appellant cites, 107-12 of the Code of Criminal Procedure, is evidence that the General Assembly can exercise its power. In this case, 107-12 can exercise its power in order to expand or shape the constitutional guarantees of Article I, Section 6. In this case, as we point out in our brief, Section 107-12 doesn't actually help Appellant at all because it merely allows the issuance of a notice to appear rather than demanding one in lieu of arrest. So in other words, the section cited by Appellant actually expands officer discretion rather than constricts it. The recent United States Supreme Court Florence v. Board of Chosen Freeholders of the County of Burlington highlights another good example of the General Assembly's power and willingness to exercise its power to augment constitutional protections. In that case, the dissent noted that Section 103-1 of the Code of Criminal Procedure explicitly bars strip searches of people arrested for traffic, regulatory, or misdemeanor offenses, which, in addition to demonstrating the state legislature's power to reasonably augment constitutional protections, goes to show that officers do have the power to arrest people for such offenses, traffic, regulatory, or misdemeanor offenses. Finally, Your Honors, if there are no more questions on the constitutional question, I would just add that we would urge the Court to find the Section 113-3.1a question in this case forfeited, not only because the issue was not raised in the PLA allowed by this Court, but because the interest of administrative convenience, which Supreme Court Rule 315C3 is designed to serve, are best served, or is best served, I should say, the interest of administrative convenience is best served in this case by finding the issue forfeited here because the Court has allowed a PLA and will hear oral argument, probably in November, in People v. Summers, Case 114054, in which the question of remand for a 113-3.1a hearing in the initial 90-day period is the sole issue presented and is squarely presented and was properly included in the PLA. If there are no further questions, Your Honors, we ask that the decision of the Appellate Court below be upheld. Thank you very much. Thank you. Rebuttal? Your Honors, in terms of the history of this State's jurisprudence, inquiries into reasonableness in search and seizure issues have always been a part of search and seizure jurisdiction, goes back forever, and that's what we're asking for here is a consideration of reasonableness. When a police officer exercises discretion, what is discretion? Making a decision whether to do something or not? Is it a good idea for me to make this arrest under these circumstances? Well, if we tell police officers, we're calling it discretion, but you can really do whatever you want, and it doesn't matter, then he's not exercising any discretion. There's nothing going on there. There's no inquiry at all. Section 107-12 is rendered totally meaningless unless there's some kind of limitation set that goes along with 107-12, then it looks like 107-12 is overruled itself, because basically without a rule that says a decision to arrest has to be reasonable, then there's no point in telling cops they can exercise discretion. I mean, just do whatever you want. The statute then just wouldn't have any meaning at all. So for that reason, we ask that the order denying motion to suppress be vacated and his conviction be reversed. Thank you. Thank you, Ms. Passion and Mr. Meyer, for your arguments today. Case number 113449, People v. Louis C. Fitzpatrick, is taken under advisement as agenda number 8.